IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KELLER NORTH AMERICA, INC.,

    Plaintiff,

    v.                                      Civil Action No. 24-cv-168

D'AMBRA CONSTRUCTION
CO., INC. and TRAVELERS
CASUALTY AND SURETY
COMPANY OF AMERICA

    Defendants.

## COMPLAINT

Plaintiff, Keller North America, Inc. f/k/a Hayward Baker, Inc. ("KNA") hereby files the instant Complaint against D'Ambra Construction Company, Inc. ("D'Ambra"), and Travelers Casualty and Surety Company of America ("Travelers") for breach of contract, and declaratory judgment, and in support thereof avers as follows:

## THE PARTIES

1. Plaintiff KNA is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal office located at 7550 Teague Road, Suite 300, Hanover, MD 21076. KNA is a sub-contractor engaged in the business of geotechnical solutions, specializing in ground improvement, earth retention & shoring, liquefaction mitigation, and groundwater control.

2. Upon information and belief, Defendant, D'Ambra is a Rhode Island domestic corporation with its principal office located at 80 Centre of New England Blvd., Coventry, RI 02816.

3. Upon information and belief, Defendant Travelers is a foreign stock corporation organized and existing under the laws of the State of Connecticut, with a principal business address of 1 Tower Square, Hartford, Connecticut 06183-0001.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that Keller does business in this district and division, and a substantial part of the events giving rise to the claims at issue in this case took place in this judicial district.

## PRELIMINARY STATEMENT

6. The dispute underlying the above caption lawsuit arises out of a Rhode Island Department of Transportation project, for the Replacement of Sandy Bottom Road Bridge No. 257 (12A) Over Pawtuxet River in Coventry, Rhode Island (the "Project").

7. Upon information and belief, D'Ambra is the prime contractor on the Project, Contract No. 2019-CB-077.

8. On or about February 12, 2019, D'Ambra entered into a Subcontractor's Agreement ("Subcontract") with KNA to perform certain work on the Project. A true and correct copy of the Subcontract is attached hereto as **Exhibit A** and is incorporated herein by reference.

9. In 2019, Travelers, as surety, issued a Contract Bond for Complete Performance and Full Payment, No. 006-SB-107102437 (the "Payment Bond"), on behalf of D'Ambra, as Principal or "Contractor," on the Payment Bond issued for the Project.

10. Travelers guaranteed the payment of its principal, D'Ambra's obligations, under the Subcontract. Travelers is jointly and severally liable with D'Ambra under the Payment Bond. A true and correct copy of the Payment Bond is attached hereto as **Exhibit B** and is incorporated herein by reference.

11. Pursuant to the terms of the Subcontract, D'Ambra agreed to pay KNA in aggregate the adjusted sum of $846,086.00, in exchange for KNA's completion of its work on the Project.

12. KNA completed its work on the Project in accordance with the Subcontract and there remains a balance due and owing to KNA in the amount of $234,951.32 ("Indebtedness").

13. Pursuant to the terms of the Subcontract, KNA is entitled to interest in the amount of 1.5% per month for amounts due and not paid within 30 days from the invoice date.

14. KNA has made demand upon D'Ambra for payment of the Indebtedness due under the Subcontract.

15. D'Ambra has failed and refused to pay KNA the Indebtedness due and has breached its obligations under the Subcontract.

16. RIGL §37-12-2 provides:

    "Every person who shall have performed labor and every person who shall have furnished or supplied labor, material, or equipment in the prosecution of the work provided for in the contract, in respect of which a payment bond is furnished under § 37-12-1, and who has not been paid in full therefor before the expiration of a period of ninety (90) days after the day on which the last of the labor was performed or furnished by him or her, or material or equipment furnished or supplied by him or her for which a claim is made, shall have the right to sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the suit and to prosecute the action to final execution and judgment for the sum or sums justly due him or her; provided, however, that any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing the payment bond shall have a right of action upon the payment bond upon giving written notice to the contractor within ninety (90) days from the date on which the person furnished or performed the last of the labor, or furnished or supplied the last of the material or equipment for which the claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the labor was furnished or performed or the material or equipment was furnished or supplied. The notice shall be served by mailing the same by certified mail, postage prepaid, in an envelope addressed to the contractor at any place he or she maintains an office, conducts his or her business, or his or her residence."

17. On or about December 12, 2022, pursuant to RIGL 37-12-2, KNA filed its Notice of Claim on Payment Bond ("Claim Notice") with the Owner, D'Ambra and Travelers. A copy of the Claim Notice is attached hereto as **Exhibit C** and is incorporated herein by reference.

18. On or about December 21, 2022, Travelers informed KNA that the claim under the Claim Notice is disputed by Travelers.

## COUNT I

## BREACH OF CONTRACT AGAINST D'AMBRA

19. KNA repeats and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

20. D'Ambra and KNA are parties to the Subcontract.

21. KNA has completed all the work to be performed by it under the Subcontract and has fulfilled all of its obligations thereunder.

22. KNA made demand upon D'Ambra for payment of the Indebtedness due under the Subcontract.

23. D'Ambra breached its obligations under the Subcontract by its failure and refusal to pay KNA the Indebtedness due for the work completed under the Subcontract.

WHEREFORE, KNA demands judgment against Defendant D'Ambra in an amount no less than $234,951.32, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and such other relief as this Court deems just and equitable.

## COUNT II

## UNJUST ENRICHMENT AGAINST D'AMBRA

24. KNA repeats and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

25. KNA provided services and materials to D'Ambra on the Project, in accordance with the terms of the Subcontract.

26. D'Ambra agreed to pay KNA for the services and materials provided on the Project.

27. D'Ambra received the benefit of the services and materials provided by KNA on the Project.

28. D'Ambra has accepted the services and materials provided by KNA to D'Ambra on the Project, for which D'Ambra has failed and refused to pay.

29. D'Ambra is unjustly enriched by receiving the benefit of the services and materials provided by KNA to D'Ambra on the Project without paying KNA the Indebtedness.

WHEREFORE, KNA demands judgment against Defendant D'Ambra in an amount no less than $234,951.32, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and such other relief as this Court deems just and equitable.

## COUNT III
## RECOVERY UNDER THE PAYMENT BOND
## AGAINST D'AMBRA & TRAVELERS

30. KNA repeats and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

31. KNA filed its claim in accordance with RIGL §37-12-2.

32. Pursuant to RIGL §37-12-2, KNA is entitled to file suit for recovery under the Payment Bond for the Indebtedness.

33. Despite KNA having made demand upon D'Ambra for payment of the Indebtedness due under the Subcontract, D'Ambra failed and refused to pay the Indebtedness.

34. Upon information and belief, at all relevant times, the Payment Bond was in full force and effect.

WHEREFORE, KNA demands judgment against Defendants in an amount no less than $234,951.32, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and such other relief as this Court deems just and equitable.

KELLER NORTH AMERICA, INC.

By its attorneys,

/s/ Andrew R. Bilodeau, Esq.
BILODEAU CAPALBO, LLC
Andrew R. Bilodeau, Esq. (#7174)
Ryanna T. Capalbo, Esq. (#8314)
Bilodeau Capalbo, LLC
1350 Division Rd., Suite 102
West Warwick, RI 02893
Telephone: 401-300-4055
Fax: 401-633-7511
abilodeau@bilodeaucapalbo.com
rcapalbo@bilodeaucapalbo.com

Dated: April 30, 2024